IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT WIGHAM, AIS # 144210, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 1:21-cv-192-TFM-B |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

Pending before the Court is the *Petition for a Federal Detainer to Be Run In-Concurrent with a State Sentence*. Doc. 1, filed April 15, 2021. Petitioner Robert Lee Williams,[1] an Alabama state prison inmate proceeding *pro se*, moves the Court "for a federal detainer to be run in-concurrent with [his] state sentence of life with parole possible, which was imposed on Oct. 2, 1986." *Id.* at 1. Essentially, it appears that Williams seeks to modify his 1987 federal-custody sentence to run concurrently, rather than consecutively, with his 1986 state sentence of life with the possibility of parole, thus obviating the need for a federal detainer.

Although the caption of Williams's petition lists "Criminal Action No. 77-000112-KD,"*see id.*, the petition was not docketed in Williams's existing criminal case, *United States v. Robert Lee*

---

[1] The instant petition was filed under the name "Robert Whigham," and the petitioner is listed as "Robert Lee Wigham" by the Alabama Department of Corrections. *See* Doc. 1 at 3; Inmate Search, ALABAMA DEPARTMENT OF CORRECTIONS, http://www.doc.state.al.us/InmateHistory (search "AIS #" 144210). However, because this Court's records reflect the petitioner's name is "Robert Lee Williams," the undersigned will use the name "Williams" when referring to the petitioner in this order.

*Williams*, No. 77-cr-00112-KD (S.D. Ala. 1977) (hereinafter, "*Williams I*").[2] Instead, Williams's petition was assigned a new civil case number and docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

This Court's records reflect that in January 1978, Williams entered a plea of guilty to the federal offense of possession of an unregistered firearm. The Court sentenced Williams to three (3) years in prison but suspended the sentence and placed him on probation for three (3) years, with the sentence to run "consecutive to all state charges" and "the probationary period to commence upon defendant's final release from state custody." *See Williams I*, ECF No. 1-1.

At some point between Williams's January 1978 guilty plea and October 1986, he was released from state custody and began serving his federal sentence. On June 16, 1986, while Williams was serving his federal probationary period, he was sentenced to fifteen years in prison for burglary by the Circuit Court of Mobile County, Alabama. On October 2, 1986, that same court sentenced Williams to life in prison with the possibility of parole for murder.[3] On October 20, 1986, a federal detainer warrant was entered in Williams's state-court record. *See Williams I*, ECF No. 1 at 6. On March 24, 1987, this Court revoked Williams's probation and sentenced him to the custody of the Attorney General for three (3) years. *Id.*, ECF No. 1-1.

Since then, Williams has made repeated attempts to have this Court modify his federal sentence to run concurrently with his state life sentence, rather than consecutively. For example, in a § 2255 motion that was filed in 2003, Williams asked the Court to reconsider its March 1987

---

[2] This appears to be due to the fact that the name of the petitioner listed on the instant petition (Robert Whigham) is different from the name of the defendant in the criminal case (Robert Lee Williams).

[3] Alabama Department of Corrections records indicate that Williams's 1986 burglary and murder sentences are consecutive.

order and modify his federal sentence to run concurrently with his state life sentence, rather than consecutively. The Court denied Williams's § 2255 motion, finding it untimely and without merit. *Robert Lee Williams v. United States*, No. 03-cv-00399-BH (S.D. Ala. 2003), ECF No. 1, 2, 4.

In 2014, Williams filed a motion in his criminal case in which he moved the Court appoint counsel to assist him to obtain the release of his federal detainer. *Williams I*, ECF No. 1. In that motion, which the Court denied, Williams asserted, as he does in the instant petition, a federal detainer was "adversely affecting his rights and priviledges [sic] in state custody such as parole, custody level reduction, work & community release, and rehab. programs." *Id.*, ECF. No. 1, 3. Most recently, in 2018, Williams unsuccessfully moved the Court, in his criminal case, modify his sentence to run "concurrent with all other cases whether federal or state to satisfy the Due Process clause of the Fourteenth Amendment." *Id.*, ECF No. 4, 5.

Based on the foregoing, it is apparent that the instant petition seeks the modification of Williams's federal custody sentence in *Williams I*, and the Court finds that the petition should be filed in that case. Accordingly, the **CLERK OF COURT** is **DIRECTED** to file the instant "Petition for a Federal Detainer to Be Run In-Concurrent with a State Sentence" (Doc. 1) in Criminal No. 77-00112-KD, and to terminate Civil Action No. 21-cv-00192-TFM-B.

**DONE** and **ORDERED** this the 3rd day of June 2021.

                                               s/Terry F. Moorer
                                               TERRY F. MOORER
                                               UNITED STATES DISTRICT JUDGE